UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WELCH SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-589-JPG |
| ) | |
| JAMES TUCKER and RUSTY BAKER, ) | |
| *individually and doing business as* ) | |
| *Nationwide Processing*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative for purposes of case management.

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

In their Notice of Removal (Doc. 3), Defendants James Tucker and Rusty Baker have invoked but not properly pled diversity of citizenship as a basis for federal jurisdiction. Indeed, federal courts have jurisdiction over a civil action between citizens of different states. *See* 28 U.S.C. § 1332 (2006). "For the purposes of [28 U.S.C. § 1332(c)] . . . , a corporation shall be deemed a citizen of any State by which it has been incorporated *and* of the State where it has its

principal place of business[.]" *Se. Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1005-1006 (N.D. Ill. 1973) (emphasis added).  Here, Tucker and Baker have merely alleged Plaintiff Welch Systems, Inc.'s state of incorporation, not its principal place of business.

Accordingly, the Court **ORDERS** Tucker and Baker to correct this and *any other* jurisdictional defects **by August 27, 2010.**  *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme.").  Should they fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**Dated: August 11, 2010**

                                  s/ J. Phil Gilbert
                                  **J. PHIL GILBERT**
                                  **DISTRICT JUDGE**